# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **LENA D TIPTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.** |
| **v.** | ) | **Jury Demand** |
| | ) | |
| **CARDINAL HEALTH 107, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

For her Complaint against defendant Cardinal Health 107, LLC ("defendant"), plaintiff Lena D. Tipton ("plaintiff") states:

### PARTIES

1.      Plaintiff is a former employee of defendant.

2.      Defendant Cardinal Health 107, LLC is an Ohio limited liability company with its principal place of business at 7000 Cardinal Place, Dublin, Ohio 43017.

3.      Defendant is not registered with the Tennessee Secretary of State but operates a healthcare business in Tennessee at 339 Mason Road, La Vergne, Tennessee 37086 and may be served with process through its registered agent, CT Corporate System, 4400 Easton Commons Way, Suite 125, Columbus Ohio 43219.

4.      At all relevant times, defendant employed more than 15 individuals, including plaintiff.

### JURISDICTION AND VENUE

5.      This is an action for damages and equitable relief for unlawful employment practices.   Plaintiff brings her claims under Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and has received notice of suit rights from the EEOC dated February 28, 2025. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

## FACTS

6.     Plaintiff is an African American individual who was employed by defendant as a senior quality control technician at defendant's facility located at 339 Mason Road, La Vergne, Tennessee 37086.

7.     Plaintiff performed her job for defendant in an acceptable manner and consistent with the training she received.

8.     During plaintiff's employment, defendant discriminated against her because of race with respect to the terms, conditions, and privileges of employment, including failing and refusing  to offer plaintiff training that it offered to non-African American employees; criticizing and belittling plaintiff because of race; interfering with her job performance when it did not do so to non-African American employees; subjecting plaintiff to disparate treatment because of race; and reprimanding, disciplining and ultimately discharging plaintiff when other non-African American employees engaged in the same or similar conduct and were not reprimanded, disciplined or discharged. Defendant's actions were in violation of Title VII and Section 1981.

9.     Plaintiff complained to her supervisors and to defendant's human resources department about the disparate treatment and race discrimination she was experiencing at work.

10.     Defendant took no corrective, remedial, or preventative action in response to plaintiff's complaints and in fact did not even investigate them.

2

11. Instead, following plaintiff's latest complaint to defendant on March 27, 2024, defendant discharged plaintiff from her employment on April 1, 2024 for the stated reason of unsatisfactory job performance.

12. Defendant's stated reason for its discharge decision is not true and is a pretext.

13. Moreover, other of defendant's non-African American employees had "deviations" similar to the "deviations" for which defendant contends it terminated plaintiff's employment and were permitted to correct such "deviations" without discipline or discharge.

14. In truth, defendant terminated plaintiff's employment because of her race and in retaliation for her asserting rights under Title VII and Section 1981.

15. Defendant's conduct as described in this Complaint was malicious and/or recklessly indifferent to plaintiff's federally protected rights, entitling plaintiff to punitive damages under Section 1981.

16. As a direct result of defendant's discriminatory and retaliatory conduct, plaintiff has lost income and other privileges and benefits of employment; suffered embarrassment, humiliation, emotional distress and anxiety, inconvenience, and loss of enjoyment of life; and incurred attorneys' fees, costs and litigation expenses.

**Claim for Race Discrimination and Retaliation**

17. Plaintiff incorporates and realleges the factual averments set forth in paragraphs 1 through 16 herein.

18. Defendant discriminated against plaintiff in the terms, conditions, and privileges of employment and discharged plaintiff because of her race and/or in retaliation for her opposition to defendant's discriminatory conduct, including racially disparate treatment and other mistreatment, in violation of Title VII and Section 1981.

3

19. Defendant retaliated against plaintiff because of her opposition to defendant's racially offensive and illegal discriminatory conduct, in violation of Title VII and Section 1981.

20. As a result of its conduct, defendant is liable to plaintiff in an amount to be determined by the jury for the compensatory and other damages plaintiff has suffered.

21. As a result of its malicious and recklessly indifferent conduct as described in this Complaint, defendant is also liable to plaintiff for punitive damages. It is further liable for plaintiff's attorney's fees and costs pursuant to Title VII and Section 1981.

22. As a result of its conduct, defendant is obligated to make plaintiff whole for all lost earnings and benefits.

**WHEREFORE,** premises considered, plaintiff demands the following relief:

1. A jury trial and entry of judgment in her favor;

2. Back pay and damages for lost benefits;

3. Compensatory damages for embarrassment and humiliation, emotional pain and suffering and mental anguish, stress and anxiety, inconvenience, and loss of enjoyment of life;

4. Reinstatement or, alternatively, front pay and damages for lost benefits;

5. Punitive damages;

6. Attorneys' fees, costs and litigation expenses;

7. Prejudgment interest and, if applicable, post judgment interest; and

8. Such other and further legal or equitable relief to which she may be entitled.

4

Respectfully submitted,

/s/ Stephen W. Grace
Stephen W. Grace (TN BPR No. 14867)
1019 16th Avenue, South
Nashville, Tennessee 37212
(615) 255-5225
sgrace@sgracelaw.com
Attorney for Plaintiff

5