**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **LENA D TIPTON,** | ] | |
| **Plaintiff,** | ] | |
| | ] | **Case No. 3:25-cv-00585** |
| **v.** | ] | **District Judge Richardson** |
| | ] | **Magistrate Judge Holmes** |
| **CARDINAL HEALTH 107, LLC,** | ] | |
| **Defendant.** | ] | |

## ANSWER

Defendant Cardinal Health, 107, LLC ("Cardinal Health" or "Defendant"), respectfully submits the following Answer to the Complaint of Plaintiff Lena D Tipton ("Plaintiff").

### PARTIES

1. Cardinal Health admits the allegations in Paragraph 1 of the Complaint.

2. Cardinal Health admits the allegations in Paragraph 2 of the Complaint.

3. Cardinal Health admits the allegations in Paragraph 3 of the Complaint.

4. Cardinal Health admits the allegations in Paragraph 4 of the Complaint.

### JURISDICTION AND VENUE

5. Cardinal Health admits that Plaintiff previously filed a Charge of Discrimination, No. 494-2024-02231, with the U.S. Equal Employment Opportunity Commission, which subsequently issued a related notice of rights to Plaintiff; however, Cardinal Health lacks sufficient knowledge or information as to when Plaintiff received that notice from the EEOC. The remaining allegations in Paragraph 5 of the Complaint, being merely legal assertions or conclusions, require no response. Nevertheless, Cardinal Health states that it does not contest

1

the jurisdiction or venue of this Court with respect to this dispute. Cardinal Health further states that Plaintiff has failed to state a claim upon which relief can be granted in her favor under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), or any other law.

## FACTS

6. Cardinal Health admits the allegations in Paragraph 6 of the Complaint.

7. Cardinal Health denies the allegations in Paragraph 7 of the Complaint.

8. Cardinal Health denies the allegations in Paragraph 8 of the Complaint.

9. Cardinal Health admits that Plaintiff complained to Cardinal Health's myHR Service Center, including a complaint that she was allegedly being held accountable for mistakes, while others were not, which was promptly investigated and found to be unsubstantiated. Cardinal Health denies the remaining allegations in Paragraph 9 of the Complaint.

10. Cardinal Health denies the allegations in Paragraph 10 of the Complaint.

11. Cardinal Health admits that it appropriately terminated Plaintiff's employment for unsatisfactory job performance on April 1, 2024. Cardinal Health denies the remaining allegations in Paragraph 11 of the Complaint.

12. Cardinal Health denies the allegations in Paragraph 12 of the Complaint.

13. Cardinal Health denies the allegations in Paragraph 13 of the Complaint.

14. Cardinal Health denies the allegations in Paragraph 14 of the Complaint.

15. Cardinal Health denies the allegations in Paragraph 15 of the Complaint.

16. Cardinal Health denies the allegations in Paragraph 16 of the Complaint.

## CLAIM FOR ALLEGED RACE DISCRIMINATION AND RETALIATION

17. In response to Paragraph 17 of the Complaint, Cardinal Health hereby incorporates by reference its responses above to Paragraphs 1-16.

18. Cardinal Health denies the allegations in Paragraph 18 of the Complaint.

19. Cardinal Health denies the allegations in Paragraph 19 of the Complaint.

20. Cardinal Health denies the allegations in Paragraph 20 of the Complaint.

21. Cardinal Health denies the allegations in Paragraph 21 of the Complaint.

22. Cardinal Health denies the allegations in Paragraph 22 of the Complaint.

The remaining allegations in the Complaint, being merely a prayer for relief, require no response. Nevertheless, Cardinal Health denies that Plaintiff has stated a claim upon which any form of relief can be granted in her favor.

Any allegations in the Complaint not specifically admitted or denied are hereby denied.

## ADDITIONAL DEFENSES

Having answered the specific factual allegations in the Complaint, Cardinal Health respectfully submits the following additional defenses:

1. Plaintiff has failed to state in her Complaint a claim upon which any relief can be granted in her favor under Title VII, Section 1981, or any other law. Cardinal Health did not discriminate, retaliate against, or otherwise take any unlawful action against Plaintiff based on her race or any other protected class or activity.

2. Plaintiff cannot prove a claim for alleged discrimination under Title VII or Section 1981. Plaintiff was not qualified for her position, as illustrated by her repeated documented incidents of unsatisfactory performance. Plaintiff also was not replaced. Moreover, Plaintiff was not treated differently than any similarly situated employee of another race.

3

3.   Plaintiff also cannot prove a claim for alleged retaliation under Title VII or Section 1981. Plaintiff complained to Cardinal Health's myHR Service Center, including a complaint that she was allegedly being held accountable for mistakes, while others were not, which was promptly investigated and found to be unsubstantiated.  Otherwise, Plaintiff did not engage in any activity protected under Title VII or Section 1981, and any such alleged protected activity was not known to Cardinal Health.   In any event, there is no causal connection between any such alleged protected activity and any adverse employment action.

4.   Cardinal Health appropriately terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons unrelated to any alleged protected activity – namely, because of Plaintiff repeated pattern of unsatisfactory work performance.  In particular, Plaintiff properly received a first written warning, a second written warning, and a final written warning, and her employment was ultimately terminated, because of unsatisfactory work performance, over a nine-month time period.

5.   Each and every action taken by Cardinal Health with respect to Plaintiff, including its appropriate decision to terminate her employment, was based upon reasonable, lawful factors. Cardinal Health would have made the same decisions regarding Plaintiff regardless of her race.

6.   At all times relevant to this action, Cardinal Health acted in good faith, without any discriminatory intent, and with reasonable grounds to believe that it acted in compliance with all applicable laws and regulations.  There is no factual or legal basis whatsoever for Plaintiff's recovery of any form of damages, including without limitation any compensatory or punitive damages.

7.  Plaintiff's claims are barred, in whole or in part, to the extent she may have failed to exhaust her administrative remedies and/or may have failed to assert her claims within the applicable statute of limitations.

8.  Plaintiff's claims also are barred because there is no causal connection between any act or omission of Cardinal Health and any alleged damages that Plaintiff contends she may have suffered.

9.  Rather, to the extent Plaintiff may have suffered any alleged damages or losses for which Plaintiff seeks to hold Cardinal Health responsible, those damages or losses were actually caused in whole or in part by Plaintiff's own acts, conduct or omissions.

10. Plaintiff's claims for damages are barred or reduced to the extend she may have failed to mitigate any alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

11. Any possible damages alleged by Plaintiff also are barred or should be reduced in whole or in part to the extent the doctrine of after-acquired evidence may apply.

12. Plaintiff cannot prove she is entitled to recover any form of back pay, front pay, or any other damages from Cardinal Health.

13. In addition, any possible non-pecuniary or compensatory damages under Title VII are limited by the applicable statutory caps.

14. Cardinal Health further reserves the right to designate additional defenses as they become apparent through the course of discovery, investigation and otherwise.

Accordingly, Cardinal Health request that the Court:

(1) Dismiss with prejudice all claims asserted by Plaintiff in her Complaint;

(2) Grant judgment against Plaintiff for all reasonable attorneys' fees and expenses, including all discretionary or other costs, incurred by Cardinal Health; and,

(3) Grant such and other further relief in favor of Cardinal Health and against Plaintiff as the Court deems just and proper.

Respectfully submitted,

/s/ Stephen H. Price
Stephen H. Price (Tenn. Bar No. 014658)
Lauren J. Irwin (Tenn. Bar No. 038433)

JACKSON LEWIS, P.C.
CitySpace
611 Commerce Street, Suite 2803
Nashville, TN 37203
Telephone: (615) 565-1661
Email: Stephen.Price@jacksonlewis.com
         Lauren.Irwin@jacksonlewis.com

*Attorneys for Defendant*
*Cardinal Health 107, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2025, a copy of the foregoing was filed electronically with the Clerk's office by using its electronic filing system, which will automatically serve the following Plaintiff's counsel of record with a true and correct copy thereof:

Stephen W. Grace
1019 16th Avenue, South
Nashville, Tennessee 37212

/s/ Stephen Price
Stephen H. Price

6